IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. : | |
| : | |
| v.  : | Civil No. CCB-11-3272 |
| : | |
| MARYLAND FOOD : | |
| & ENTERTAINMENT, LLC, et al. : | |

**MEMORANDUM**

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") has filed this lawsuit against Maryland Food & Entertainment, LLC ("Maryland Food"), Jerry A. Dianis, Judith A. Brown, and Lisa Haynes (together, "the defendants"), alleging unauthorized publication or use of communications in violation of 47 U.S.C. § 605; unauthorized reception of cable service in violation of 47 U.S.C. § 553; and conversion. Now pending before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The parties' submissions have been reviewed and no oral argument is necessary.  *See* Local Rule 105.6. For the reasons stated below, the defendants' motion will be granted in part and denied in part.

**BACKGROUND**

Defendant Maryland Food & Entertainment, LLC, through its owners and officers, operates BMX Lounge Courtside Sports Bar ("Courtside") in Hanover, Maryland. Plaintiff Joe Hand Promotions, Inc. is a Pennsylvania corporation that engages in the distribution of various sporting event programs.  Relevant to this action, Joe Hand paid for and was granted exclusive television distribution rights to the *Ultimate Fighting Championship 103: Rich Franklin v. Vitor Belfort* ("the Program"), which was telecast nationally on September 19, 2009. (Compl., ECF

1

No. 1, ¶ 9.) Joe Hand entered into sublicensing agreements with various commercial establishments that desired to exhibit the Program to their patrons. (*Id.* at ¶ 10.)

On September 20, 2009, an investigator hired by Joe Hand witnessed the Program being shown on a television at Courtside between 12:07 a.m. and 12:22 a.m. (*See* Appiah Aff., ECF No. 1-1.) Alleging that Courtside was not authorized to broadcast the program, Joe Hand filed suit over two years later on November 15, 2011, asserting claims for unauthorized interception of communications by wire or radio in violation of 47 U.S.C. § 605; unauthorized interception of communications through a cable system in violation of 47 U.S.C. § 553; and conversion under Maryland law.[1]  Joe Hand alleges that Jerry A. Dianis, Judith A. Brown, and Lisa Haynes are "principals and co-owners of the [liquor] license" for Maryland Food and each is an "officer, director, shareholder, employee, agent, and/or other representative" of Maryland Food and therefore individually liable on all three counts.[2] Joe Hand seeks statutory and compensatory damages as well as reasonable attorneys' fees. The defendants filed a motion to dismiss the complaint on April 2, 2012.

## ANALYSIS

**I. Standard of Review**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks

---

[1] Section 605 and section 553 are provisions of the Federal Cable Communications Act of 1984, Pub. L. 98-549, 98 Stat. 2780, sometimes referred to as the "Cable Act." Section 605(a) states, in relevant part, that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." Section 553(a)(1) provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

[2] As attachments to its complaint, Joe Hand filed a copy of a webpage of the Maryland State Department of Assessments and Taxation, identifying Brown as Maryland Food's resident agent, and a purported copy of Maryland Food's liquor license, identifying Dianis, Brown, and Haynes as licensees. *See* ECF 1-1.

2

and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

**II. Discussion**

*Individual Liability*

Joe Hand seeks to hold Mr. Dianis, Ms. Brown, and Ms. Haynes liable as individuals on all three counts in the complaint. Both parties agree that to state a claim against an individual under the Cable Act, a complaint must allege facts showing that the individual had a right and ability to supervise the infringing activities, as well as a direct financial interest in such activities.

*See, e.g.*, *J&J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009); *J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008).[3] In *291 Bar & Lounge*, the court refused to impose liability under the Cable Act on the alleged owner of the offending entity, asserting that individual liability requires that the individual authorize the underlying violations. *Id.* Noting that the plaintiff had "made no allegations that [the owner] was present for the violation, that he authored or controlled it, or that he reaped commercial profit from it," the court concluded that the plaintiff had failed to make adequately detailed allegations against him "beyond the conclusory and vague charge of mere ownership." *Id.*

A split of authority exists on the issue of individual liability under the Cable Act in the District of Maryland. In *J & J Sports Productions, Inc. v. L & J Group, LLC*, 2010 WL 816719, *2 (D. Md. Mar. 4, 2010), a judge concluded that a complaint containing allegations nearly identical to those in the present case stated a claim to relief against each of the individual defendants that was "'plausible on its face'" (quoting *Iqbal*, 556 U.S. at 678). Another judge reached the opposite conclusion in *J & J Sports Productions, Inc. v. MayreallI, LLC*, 849 F. Supp. 2d 586, 591 (D. Md. 2012), and *J & J Sports Productions, Inc. v. Maryland Food & Entm't, LLC*, 2012 WL 5289790, *5 (D. Md. Oct. 24, 2012). In both *MayreallII* and *Maryland Food & Entm't*, the plaintiffs sought to hold the individual defendants liable based solely on allegations that they were resident agents and liquor licensees of the defendant business entities. The judge in each of these 2012 cases dismissed the plaintiffs' Cable Act claims against the individual defendants for failure to state a claim under the *Iqbal*/*Twombly* pleading standard.

---

[3] This formulation is the standard for vicarious liability for copyright infringement. Although numerous district courts have applied this standard to claims of individual liability under §§ 553 and 605, I am unaware of any federal appellate decision that has resolved this issue. Because both sides agree that this general standard applies, I will assume, without deciding, that it is applicable. *See J & J Sports Productions, Inc. v. MayreallII, LLC*, 849 F. Supp. 2d 586, 589 n. 5 (D. Md. 2012).

Other district courts have found similar allegations to be insufficient to state a claim to relief under the Cable Act. *See 291 Bar & Lounge*, 648 F. Supp. 2d at 473 (E.D.N.Y. 2009) (holding that mere ownership of the offending entity was insufficient to establish individual liability); *Joe Hand Promotions, Inc. v. Coaches Sports Bar,* 812 F. Supp. 2d 702, 703 (E.D.N.C. 2011) ("Absent allegations that [the alleged principal] authorized, directed, or supervised the illegal interception, Joe Hand cannot establish Mr. Dillon's individual liability."); *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 113 (E.D.N.Y. 2011) (rejecting individual liability where sole allegation with respect to individual defendant was "mere ownership of the violating entity"). *But see, e.g.*, *J & J Sports Productions, Inc. v. Q Cafe, Inc.,* 2012 WL 215282, at *4 (N.D. Tex. Jan. 25, 2012) (holding defendant individually liable solely "due to her ownership of the Establishment's alcohol license").

Turning to the present case, Joe Hand alleges, without distinguishing between the individual defendants and Maryland Food, that "[d]efendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program" and that the violation "by each of the Defendants [was] done willfully and for purposes of direct or indirect commercial advantage or private financial gain." (ECF No. 1, ¶ 12.) As in *MayreallII* and *Maryland Food & Entm't*, the complaint makes no allegation that the individual defendants were present at Courtside when the Program was shown, that they personally authorized the Program's interception and display, or that they authorized advertisements for the display of the Program or the imposition of a cover charge to profit from the display.[4] The only specific factual allegations made with respect to the individual defendants are that all three are named on Maryland Food's liquor license and that Ms. Brown is Maryland Food's resident agent. (*See* ECF No. 1-1.) Joe Hand also alleges conclusorily and upon information and belief that all three are "officer[s],

---

[4] In fact, the affidavit of Joe Hand's investigator states that there was no cover charge. *See* ECF No. 1-1.

5

director[s], shareholder[s], employee[s], agent[s], and/or other representative[s]" of Maryland Food. I agree with the decision in *MayrealII* that such minimal allegations of individual liability do not satisfy the pleading standard articulated in *Iqbal* and *Twombly*. Accordingly, Counts I and II against the individual defendants will be dismissed without prejudice. Joe Hand may seek leave to file an amended complaint if it can allege sufficient facts.

      Count III (conversion) against the individual defendants also must be dismissed. Under Maryland law, officers, directors, and shareholders of a corporation or limited liability company cannot be held personally liable for alleged acts of the corporation except where it is "necessary to prevent fraud or enforce a paramount equity." *See, e.g.*, *Stein v. Smith*, 358 Md. 670, 682 (2000); *Bart Arconti & Sons, Inc. v. Ames–Ennis, Inc.,* 275 Md. 295, 312 (1975). Joe Hand has not alleged any facts on which the court could find it proper to pierce the corporate veil and hold Maryland Food's members, officers, or other principals personally liable for conversion. Although Joe Hand relies on the listing of the individual defendants on Maryland Food's liquor license, Maryland liquor licensure law "does not create a free-standing exception to the 'corporate veil' doctrine for individual liquor licensees as to liability for any and all legal breaches allegedly committed by the licensed business entity." *J & J Sports Productions, Inc. v. Maryland Food & Entm't, LLC*, 2012 WL 5289790, *5 (D. Md. Oct. 24, 2012). Taken in the light most favorable to the plaintiff, the complaint fails to establish fraud or other basis sufficient to state a plausible claim against the individual defendants.

*Allegations of Cable Act Violations*

      The defendants also argue that the complaint fails to state a claim under 47 U.S.C. §§ 605 or § 553. With regard to § 605, the defendants assert that the complaint does not allege "any specific facts upon which the court could find unauthorized interception of a satellite

transmission or other radio communication before it traveled through the cable or satellite service provider's system." (Def.'s Mot. to Dismiss, ECF No. 14-2, 4.)  The defendants also contend that the complaint "fails to allege interception or reception of a transmission at the point it was carried over a cable system," and, absent such an allegation, no claim can lie under § 553. (*Id.* at 5.) In response, Joe Hand argues that the complaint sufficiently states claims for relief by alleging the specific place at which the defendants committed the violations, the specific date on which the violations occurred, the specific program intercepted, that defendants intercepted the program with knowledge that they were unauthorized to do so, and that this was done for commercial advantage or financial gain.

Joe Hand's complaint does in fact sufficiently state causes of action against Maryland Food under sections 553 and 605 of the Cable Act. At the pleading stage, a plaintiff is required to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the alleged activity. *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). With respect to Maryland Food, Joe Hand has done so by alleging that Maryland Food, the business entity as distinct from the individuals, unlawfully intercepted and displayed the Program at its establishment, without authorization from Joe Hand, on a particular date and at a particular time. The complaint need not specify the precise method of interception, as pleading in the alternative is permitted at this stage. *See MayrealII*, 849 F. Supp. 2d at 588-89.  Accordingly, Counts I and II will not be dismissed as to Maryland Food.

*Conversion*

Finally, the defendants argue that the conversion claim must be dismissed because Maryland courts have not recognized the tort of conversion for intangible property such as television programming. Joe Hand responds that Maryland has not yet ruled on whether the type

of broadcast signal at issue in this case gives rise to a conversion cause of action. According to Joe Hand, because the law in Maryland is not conclusive, the conversion claim should survive 12(b)(6) analysis.

Under Maryland law, intangible property rights may only be the subject of a claim for conversion if the "intangible rights . . . are merged or incorporated into a transferable document." *Allied Investment Corp. v. Jasen*, 354 Md. 547, 562 (1999). The Maryland Court of Appeals has refused "to extend the tort further, to cover completely intangible rights or . . . to situations in which the relevant document itself has not been transferred." *Id.* Thus, in order to state a claim for conversion, a complaint must contain facts alleging that "tangible documents" evidencing the property interests were improperly transferred. *Id.*

As this court has observed, it is unclear whether Maryland courts would recognize a conversion claim for intangible property such as a television program transmitted via satellite or cable. *See MayrealII*, 849 F. Supp. 2d at 594 n. 9. Even assuming that Maryland law recognizes such a claim, however, the complaint in this case contains no facts alleging that tangible documents evidencing Joe Hand's property interests in the Program were transferred improperly to Maryland Food. For this reason, Joe Hand has failed to state a claim for conversion under Maryland law. *See Maryland Food & Entm't*, 2012 WL 5289790, at *7.

A separate Order follows.

| | |
|---|---|
| 11/19/12 | /s/ |
| Date | Catherine C. Blake<br>United States District Judge |